# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**JOHN AARON KLUKSDAHL**            **CIVIL ACTION NO: 2:16-CV-02990**

**VERSUS**                         **JUDGE: IVAN L.R. LEMELLE**

**LOYOLA UNIVERSITY NEW ORLEANS**   **MAGISTRATE: DANIEL E. KNOWLES, III**

## ANSWER & AFFIRMATIVE DEFENSES

**NOW INTO COURT**, through undersigned counsel, comes defendant, Loyola University New Orleans ("Defendant") who submits the following Answer to the Complaint filed by plaintiff, John Aaron Kluksdahl ("Plaintiff").

## FIRST DEFENSE

Answering the numbered allegations of the Complaint, Defendant avers:

### I.

The allegations of Paragraph 1 are denied for lack of sufficient information to justify a belief therein.

### II.

The allegations of Paragraph 2 are denied as stated except to admit that Loyola University New Orleans is a named Defendant in Plaintiff's Complaint.

### III.

The allegations of Paragraph 3 are denied except to admit that this Court has subject matter jurisdiction over this case. However, Defendant avers that claims identical to those brought in this Complaint are currently pending in the Civil District Court for the Parish of Orleans, Case. No. 2006-5859, and accordingly this Court should stay its review of the matter

pending resolution of same in state court.

IV.

The allegations of Paragraph 4 are denied for lack of sufficient information to justify a belief therein.

V.

The allegations of Paragraph 5 do not seek a response. But to the extent a response is required, the allegations of Paragraph 5 are denied for lack of sufficient information to justify a belief therein.

VI.

The allegations of Paragraph 6 do not seek a response. But to the extent a response is required, the allegations of Paragraph 6 are denied for lack of sufficient information to justify a belief therein.

VII.

The allegations of Paragraph 7 do not seek a response. But to the extent a response is required, the allegations of Paragraph 7 are denied for lack of sufficient information to justify a belief therein.

VIII.

The allegations of Paragraph 8 do not seek a response. But to the extent a response is required, the allegations of Paragraph 8 are denied for lack of sufficient information to justify a belief therein.

IX.

The allegations of Paragraph 9 do not seek a response. But to the extent a response is required, the allegations of Paragraph 9 are denied for lack of sufficient information to justify a

belief therein.

## X.

The allegations of Paragraph 10 do not seek a response. But to the extent a response is required, the allegations of Paragraph 10 are denied for lack of sufficient information to justify a belief therein.

## XI.

The allegations of Paragraph 11 do not seek a response. But to the extent a response is required, the allegations of Paragraph 11 are denied for lack of sufficient information to justify a belief therein.

## XII.

The allegations of Paragraph 13[1] are denied.

## XIII.

The allegations of Paragraph 14 are denied except to admit that venue is proper. Defendant further avers that the Louisiana Civil Code of Civil Procedure articles cited in Paragraph 14 speak for themselves.

## XIV.

The allegations of Paragraph 14[2] are denied as stated. Defendants further aver that the communication cited by the plaintiff is a written document and therefore the best evidence of its content.

## XV.

The allegations of Paragraph 15 are denied as stated. Defendants further aver that the communication cited by the plaintiff in Paragraph 15 is a written document and therefore the best

---

[1] Plaintiff's Complaint appears to have left out paragraph No. 12.
[2] Plaintiff's Complaint also appears to repeat paragraph No. 14.

evidence of its content.

## XVI.

The allegations of Paragraph 16 are denied as stated.

## XVII.

The allegations of Paragraph 17 do not seek a response. To the extent a response is required, the allegations of Paragraph 17 are denied. Further, the communication cited is a written document and therefore the best evidence of its content.

## XVIII.

The allegations of Paragraph 18 are denied.

## XIX.

The allegations of Paragraph 19 are denied.

## XX.

The allegations of Paragraph 20 are denied as stated. Defendant furthers aver that the cited pleadings are written documents and therefore the best evidence of their content.

## XXI.

The allegations of Paragraph 21 are denied.

## XXII.

The allegations of Paragraph 22 are denied.

## XXIII.

The allegations of Paragraph 23 denied as stated. Further, the cited Judgment is a written document and therefore the best evidence of its content.

## XXIV.

The allegations of Paragraph 24 seek no response. To the extent a response is required,

Defendant denies the allegations as stated. Further, the cited Louisiana Civil Code articles speak for themselves.

<div align="center">XXV.</div>

The allegations of Paragraph 25 are denied.

<div align="center">XXVI.</div>

The allegations of Paragraph 26 denied to the extent that a response is required.

<div align="center">XXVII.</div>

The allegations of Paragraph 27 are denied except to admit that Plaintiff's *in forma pauperis* status was revoked in Civil District Court for the Parish of Orleans.

<div align="center">XXVIII.</div>

The allegations of Paragraph 28 are denied as stated. Defendant avers that the cited pleadings are written documents and therefore the best evidence of their content.

<div align="center">XXIX.</div>

The allegations of Paragraph 29 are denied as stated. Defendant avers that the cited pleadings are written documents and therefore the best evidence of their content.

<div align="center">XXX.</div>

The allegations of Paragraph 30 are denied as stated. Defendant avers that the cited pleadings are written documents and therefore the best evidence of their content.

<div align="center">XXXI.</div>

The allegations of Paragraph 31 are denied as stated. Defendant avers that the cited pleadings are written documents and therefore the best evidence of their content.

<div align="center">XXXII.</div>

The allegations of Paragraph 32 are denied except to admit that Plaintiff's *in forma*

*pauperis* status was revoked in Civil District Court for the Parish of Orleans. Defendant avers that the cited pleadings are written documents and therefore the best evidence of their content.

XXXIII.

The allegations of Paragraph 33 are denied.

XXXIV.

The allegations of Paragraph 34 are denied.

XXXV.

The allegation of Paragraph 35 are denied.

XXXVI.

The allegations of Paragraph 36 are denied as stated.

XXXVII.

The allegations of Paragraph 37 are denied for lack of sufficient information to justify a belief therein.

XXXVIII.

The allegations of Paragraph 38 are denied.

XXXIX.

The allegations of Paragraph 39 are denied.

XL.

The allegations of Paragraph 40 are denied.

XLI.

The allegations of Paragraph 41 are denied for lack of sufficient information to justify a belief therein.

<div align="center">XLII.</div>

The allegations of Paragraph 42 are denied. Defendant further avers that the document cited by the plaintiff is a written document and therefore the best evidence of its content.

<div align="center">XLIII.</div>

The allegations of Paragraph 43 are denied.

<div align="center">XLIV.</div>

The allegations of Paragraph 44 are denied. Defendant further avers that the documents cited are written documents and therefore the best evidence of their content.

<div align="center">XLV.</div>

The allegations of Paragraph 45 are denied.

<div align="center">XLVI.</div>

The allegations of Paragraph 46 are denied.

<div align="center">XLVII.</div>

The allegations of Paragraph 47 are denied.

<div align="center">XLVIII.</div>

The allegations of Paragraph 48 are denied.

<div align="center">XLIX.</div>

The allegations of Paragraph 49 are denied.

<div align="center">L.</div>

The allegations of Paragraph 50 are denied.

<div align="center">LI.</div>

The allegations of Paragraph 51 are denied. Defendant further avers that the documents cited are written documents and therefore the best evidence of their content.

<center>LII.</center>

The allegations of Paragraph 52 are denied as stated. Defendant avers that a contract is a written document and therefore the best evidence of its content.

<center>LIII.</center>

The allegations of Paragraph 53 are denied. Defendant avers that a contract is a written document and therefore the best evidence of its content.

<center>LIV.</center>

The allegations of Paragraph 54 are denied as stated. Defendant avers that a contract is a written document and therefore the best evidence of its content.

<center>LV.</center>

The allegations of Paragraph 55 are denied. Defendant avers that a contract is a written document and therefore the best evidence of its content.

<center>LVI.</center>

The allegations of Paragraph 56 are denied.

<center>LVII.</center>

The allegations of Paragraph 57 are denied.

<center>LVIII</center>

The allegations of Paragraph 58 are denied.

<center>LIX</center>

The allegations of Paragraph 59 are denied. Defendant avers that a letter is a written document and therefore the best evidence of its content.

## LX

The allegations of Paragraph 60 are denied for lack of sufficient information to justify a belief therein.

## LXI.

The allegations of Paragraph 61 are denied.

## LXII.

The allegations of Paragraph 62 are denied as stated. Defendant avers that a letter is a written document and therefore the best evidence of its content.

## LXIII.

The allegations of Paragraph 63 are denied for lack of sufficient information to justify a belief therein.

## LXIV.

The allegations of Paragraph 64 are denied for lack of sufficient information to justify a belief therein.

## LXV.

The allegations of Paragraph 65 are denied for lack of sufficient information to justify a belief therein.

## LXVI.

The allegations of Paragraph 66 are denied for lack of sufficient information to justify a belief therein.

## LXVII.

The allegations of Paragraph 67 are denied.

## LXVIII.

The allegations of Paragraph 68 are denied. Defendant avers that an 'Evaluation Report' is a written document and therefore the best evidence of its content.

## LXIX.

The allegations of Paragraph 69 are denied.

## LXX.

The allegations of Paragraph 70 are denied.

## LXXI.

The allegations of Paragraph 71 seek no response. To the extent a response is required, the allegations of Paragraph 71 are denied.

## LXXII.

The allegations of Paragraph 72 are denied. Defendant avers that an email is a written document and therefore the best evidence of its content.

## LXXIII.

The allegations of Paragraph 73 are denied.

## LXXIV.

The allegations of Paragraph 74 are denied.

## LXXV.

The allegations of Paragraph 75 are denied. Defendant avers that the cited correspondence is a written document and therefore the best evidence of its content.

## LXXVI.

The allegations of Paragraph 76 are denied.

<center>LXXVII.</center>

The allegations of Paragraph 77 are denied.

<center>LXXVIII.</center>

The allegations of Paragraph 78 are denied as stated. Defendant avers that an email is a written document and therefore the best evidence of its content.

<center>LXXIX.</center>

The allegations of Paragraph 79 are denied.

<center>LXXX.</center>

The allegations of Paragraph 80 are denied.

<center>LXXXI.</center>

The allegations of Paragraph 81 are denied.

<center>LXXXII.</center>

The allegations of Paragraph 82 are denied.

<center>LXXXIII.</center>

The allegations of Paragraph 83 are denied.

<center>LXXXIV.</center>

The allegations of Paragraph 84 are denied. Defendant avers that the cited correspondence is a written document and therefore the best evidence of its content.

<center>LXXXV.</center>

The allegations of Paragraph 85 are denied.

<center>LXXXVI.</center>

The allegations of Paragraph 86 are denied.

<center>LXXXVII.</center>

The allegations of Paragraph 87 are denied.

<center>LXXXVIII.</center>

The allegations of Paragraph 88 are denied.

<center>LXXXIX.</center>

The allegations of Paragraph 89 are denied.

<center>XC.</center>

The allegations of Paragraph 90 are denied for lack of sufficient information to justify a belief therein.

<center>XCI.</center>

The allegations of Paragraph 91 are denied for lack of sufficient information to justify a belief therein.

<center>XCII.</center>

The allegations of Paragraph 92 are denied.

<center>XCIII.</center>

The allegations of Paragraph 93 are denied.

<center>XCIV.</center>

The allegations of Paragraph 94 are denied.

<center>XCV.</center>

The allegations of Paragraph 95 are denied for lack of sufficient information to justify a belief therein.

<center>XCVI.</center>

The allegations of Paragraph 96 are denied.

<center>XCVII.</center>

The allegations of Paragraph 97 are denied.

<center>XCVIII.</center>

The allegations of Paragraph 98 are denied. Defendant avers that the cited correspondence is a written document and therefore the best evidence of its content.

<center>XCVIX.</center>

The allegations of Paragraph 99 are denied.

<center>C.</center>

The allegations of Paragraph 100 are denied.

<center>CI.</center>

The allegations of Paragraph 101 are denied for lack of sufficient information to justify a belief therein.

<center>CII.</center>

The allegations of Paragraph 102 are denied for lack of sufficient information to justify a belief therein.

<center>CIII.</center>

The allegations of Paragraph 103 are denied.

<center>CIV.</center>

The allegations of Paragraph 104 and the subparts included therein are denied.

<center>CV.</center>

The allegations of Paragraph 105 are denied.

<center>CVI.</center>

The allegations of Paragraph 106 are denied. Defendant avers that the cited records are

written documents and therefore the best evidence of their content.

<div align="center">CVII.</div>

The allegations of Paragraph 107 are denied.

<div align="center">CVIII.</div>

The allegations of Paragraph 108 are denied. Defendant avers that a health records release is a written document and therefore the best evidence of its content.

<div align="center">CIX.</div>

The allegations of Paragraph 109 are denied.

<div align="center">CX.</div>

The allegations of Paragraph 110 are denied.

<div align="center">CXI.</div>

The allegations of Paragraph 111 are denied.

<div align="center">CXII.</div>

The allegations of Paragraph 112 are denied.

<div align="center">CXIII.</div>

The allegations of Paragraph 113 are denied. Defendant avers that a letter is a written document and therefore the best evidence of its content.

<div align="center">CXIV.</div>

The allegations of Paragraph 114 are denied as stated.

<div align="center">CXV.</div>

The allegations of Paragraph 115 are denied.

<div align="center">CXVI.</div>

The allegations of Paragraph 116 are denied.

CXVII.

The allegations of Paragraph 117 are denied.

CXVIII.

The allegations of Paragraph 118 are denied for lack of sufficient information to justify a belief therein.

CXIX.

The allegations of Paragraph 119 are denied for lack of sufficient information to justify a belief therein.

CXX.

The allegations of Paragraph 120 are denied for lack of sufficient information to justify a belief therein. Defendant avers that the Louisiana Administrative Code is a written document and therefore the best evidence of its content.

CXXI.

The allegations of Paragraphs 121 through 184 contained within the heading "**Claim #1**: Action against the '05 contract between Loyola and Kluksdahl as absolutely null," and all subparts contained therein, are denied. Further, to the extent that Plaintiff's allegations of Paragraphs 121-184 call for legal conclusions, they are likewise denied. Finally, Defendant avers that a contract is a written document and therefore the best evidence of its content.

CXXII.

The allegations of Paragraph 185 through 193 contained within the heading "**Claim #2**: Breach of K based upon Loyola's refusal to base determination upon Dr. Shex, evaluations as agreed upon," and all subparts contained therein, are denied. Further, to the extent that the

allegations of Paragraphs 185-193 call for legal conclusions, they are likewise denied. Finally, Defendant avers that a contract is a written document and therefore the best evidence of its content.

<center>CXXIII.</center>

The allegations of Paragraphs 194 through 202 contained within the heading "**Claims #3A & #3B**: <u>Breach of contract claims based upon Loyola controlling material medical decisions in the summer '05 evaluation of plaintiff</u>," including all subparts contained therein, are denied. Further, to the extent that the allegations of Paragraphs 194-202 call for legal conclusions, they are likewise denied. Finally, Defendant avers that a contract is a written document and therefore the best evidence of its content.

<center>CXXIV.</center>

The allegations of Paragraph 203 through 211 contained within the heading "**Claims #3B**: <u>Breach of the '05 contract between Loyola and Kluksdahl based upon evidence discovered on May 6, 2010 in the correspondence between Osofsky and McCormack (Loyola)</u>," including all subparts contained therein, are denied. Further, to the extent that the allegations of Paragraphs 203-211 call for legal conclusions, they are likewise denied. Finally, Defendant avers that a contract is a written document and therefore the best evidence of its content.

<center>CXXV.</center>

The allegations of Paragraphs 212 through 238 contained within the heading "**Claims #4**: <u>Breach of Loyola's published policy requiring written consent from student before releasing contents of student's education record. This claim is a breach of contract action against Loyola based upon the '05 Dr. Osofsky – McCormack correspondence discovered during the state case</u>," including all subparts contained therein, are denied. Further, to the extent that the allegations of

Paragraphs 212-238 call for legal conclusions, they are likewise denied. Finally, Defendant avers that a contract and the purported "published policy" are written documents and therefore the best evidence of their content.

CXXVI.

The allegations of Paragraphs 239 through 241 contained within the heading "**Claims #5**: Breach of contract claims against Loyola based upon violation of theft and mail fraud statutes with '05 contract and '05 evaluation report it generated being applied to Plaintiff's matriculation and further interests," including all subparts contained therein, are denied. Further, to the extent that the allegations of Paragraphs 238-241 call for legal conclusions, they are likewise denied. Finally, Defendant avers that a contract is a written document and therefore the best evidence of its content.

CXXVII.

The allegations of Paragraphs 242 through 260 contained within the heading "**Claims #6**: Breach of contract – express disability discrimination policy facts and analyses & Claim #6-1 Breach of contract – express disability discrimination policy," including all subparts contained therein, are denied. Further, to the extent that the allegations of Paragraphs 242-260 call for legal conclusions, they are likewise denied. Finally, Defendant avers that a contract is a written document and therefore the best evidence of its content.

CXXVIII.

The allegations of Paragraphs 261 through 263 contained within the heading "**Claims #6-2** Breach of contract – express disability discrimination policy," including all subparts contained therein, are denied. Further, to the extent that the allegations of Paragraphs 261-263 call for legal conclusions, they are likewise denied. Finally, Defendant avers that a contract is a written

document and therefore the best evidence of its content.

CXXIX.

The allegations of Paragraphs 264 through 266 contained within the heading "**Claims #6-3:** Breach of contract – express disability discrimination policy," including all subparts contained therein, are denied. Further, to the extent that the allegations of Paragraphs 264-266 call for legal conclusions, they are likewise denied. Finally, Defendant avers that a contract is a written document and therefore the best evidence of its content.

CXXX.

The allegations of Paragraphs 267 through 268 contained within the heading "**Claims #6-4:** Breach of contract – express disability discrimination policy," including all subparts contained therein, are denied. Further, to the extent that the allegations of Paragraphs 267-268 call for legal conclusions, they are likewise denied. Finally, Defendant avers that a contract is a written document and therefore the best evidence of its content.

CXXXI.

The allegations of Paragraphs 269 through 270 contained within the heading "**Claims #6-5**: Breach of contract – express disability discrimination policy," including all subparts contained therein, are denied. Further, to the extent that the allegations of Paragraphs 269-270 call for legal conclusions, they are likewise denied. Finally, Defendant avers that a contract is a written document and therefore the best evidence of its content.

CXXXII.

The allegations of Paragraph 271 contained within the heading "**Claims #7-1**: Breach of contract claims against Loyola for violating express policy prohibiting disability discrimination and disability harassment," are denied. Further, to the extent that the allegations of Paragraph

271 call for legal conclusions, they are likewise denied. Finally, Defendant avers that a contract is a written document and therefore the best evidence of its content.

CXXXIII.

The allegations of Paragraph 272 contained within the heading "**Claims #7-2**: <u>Breach of contract – express disability discrimination policy prohibiting disability discrimination and disability harassment</u>," are denied. Further, to the extent that the allegations of Paragraph 272 call for legal conclusions, they are likewise denied. Finally, Defendant avers that a contract is a written document and therefore the best evidence of its content.

CXXXIV.

The allegations of Paragraph 273 contained within the heading "**Claims #7-3**: <u>Breach of contract – express disability discrimination policy; disability discrimination and disability harassment</u>," are denied. Further, to the extent that the allegations of Paragraph 273 call for legal conclusions, they are likewise denied. Finally, Defendant avers that a contract is a written document and therefore the best evidence of its content.

CXXXV.

The allegations of Paragraph 274 contained within the heading "**Claims #7-4**: <u>Breach of contract – express disability discrimination policy; disability discrimination and disability harassment</u>," are denied. Further, to the extent that the allegations of Paragraph 274 call for legal conclusions, they are likewise denied. Finally, Defendant avers that a contract is a written document and therefore the best evidence of its content.

CXXXVI.

The allegations of Paragraph 275 contained within the heading "**Claims #7-5**: <u>Breach of contract – express disability discrimination policy; disability discrimination and disability</u>

harassment," are denied. Further, to the extent that the allegations of Paragraph 275 call for legal conclusions, they are likewise denied. Finally, Defendant avers that a contract is a written document and therefore the best evidence of its content.

CXXXVII.

The allegations of Paragraph 276 contained within the heading "**Claims #7-6**: <u>Breach of contract – express disability discrimination policy; disability discrimination and disability harassment</u>," are denied. Further, to the extent that the allegations of Paragraph 276 call for legal conclusions, they are likewise denied. Finally, Defendant avers that a contract is a written document and therefore the best evidence of its content.

CXXXVIII.

The allegations of Paragraph 277 contained within the heading "**Claims #7-7**: <u>Breach of contract – express disability discrimination policy; disability discrimination and disability harassment</u>," are denied. Further, to the extent that the allegations of Paragraph 277 call for legal conclusions, they are likewise denied. Finally, Defendant avers that a contract is a written document and therefore the best evidence of its content.

CXXXIX.

The allegations of Paragraphs 278 through 283 contained within the heading "**Claims #7-8**: <u>Breach of contract – express disability discrimination policy; disability discrimination and disability harassment</u>," including all subparts contained therein, are denied. Further, to the extent that the allegations of Paragraph 278-283 call for legal conclusions, they are likewise denied. Finally, Defendant avers that a contract is a written document and therefore the best evidence of its content.

CXL.

The allegations of Paragraphs 284 through 333 contained within the heading "**Claims #8**: Breaches of Loyola counseling center's statement on confidentiality," including all subparts contained therein, are denied. Further, to the extent that the allegations of Paragraph 284-333 call for legal conclusions, they are likewise denied.

CXLI.

The allegations of Paragraphs 337 through 355 contained within the heading "**Claim #9**: "for injunction against Loyola seeking a prohibition against staff and officials from maintaining and disseminating Kluksdahls's health records. This would include, but not be limited to, Loyola's counseling center practitioners, student affairs staff, and central administrators," and all subparts contained therein, are denied. Further, to the extent that the allegations of Paragraphs 337-355 call for legal conclusions, they are likewise denied.

CXLII.

The allegations of Paragraphs 334 through 337 under the heading "Request for Relief" are denied. Loyola specifically denies that the plaintiff is entitled to any relief or damages sought.

**SECOND DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**THIRD DEFENSE**

All or some of the plaintiff's claims are prescribed or preempted by the applicable prescriptive period or otherwise equitably barred.

**FOURTH DEFENSE**

Plaintiff's claims are barred by the doctrine of *res judicata*.

## FIFTH DEFENSE

Upon Plaintiff's presentation of his unfounded complaints to Loyola University New Orleans, a prompt, effective and remedial investigation was conducted, which bars the Plaintiff's claims herein.

## SIXTH DEFENSE

All actions taken by Defendant with respect to Plaintiff were taken in good faith and for legitimate, non-discriminatory business reasons. All such actions were undertaken without malice, ill-will, or intent to harm, degrade, embarrass, humiliate, harass, or discriminate against Plaintiff. Rather, all such actions were taken in the best interests of Loyola University New Orleans's students, faculty, and staff to ensure the continued education, safety, health and welfare of Loyola University New Orleans's students, employees, and the plaintiff himself.

## SEVENTH DEFENSE

Any injuries or damages alleged the Complaint, if they occurred at all, were caused solely by other parties for whom Defendant is neither responsible nor liable.

## EIGHTH DEFENSE

As a complete and separate defense, Plaintiff failed to mitigate his damages, if he is able to show any damages.

## NINTH DEFENSE

As a complete and separate defense, Plaintiff's damages, if any, shall be offset or reduced by his own fault and/or the fault of third parties for whom Defendant has no responsibility or liability.

## TENTH DEFENSE

Defendant requests that Plaintiff's Complaint be stayed pending resolution of his same

claims before Honorable Piper D. Griffin, Civil District Court for the Parish of Orleans, *John Aaron Kluksdahl v. Dr. J. Robert Barnes, et al.,* Case No. 2006-5859, Div. "I," Section 11. Plaintiff's claims pending in Civil District Court are identical to his claims in this Complaint, and are currently subjection to an *Ex Parte* Motion to Dismiss on Grounds of Abandonment.[3]

### ELEVENTH DEFENSE

Defendant is entitled to reasonable attorney's fees and costs because of the frivolous nature of the plaintiff's claims.

### JURY DEMAND

Defendant requests a jury on all issues triable herein.

**WHEREFORE**, Defendant prays that its Answer be deemed good and sufficient, and, after due proceedings are had, that there be judgment in their favor and against Plaintiff, dismissing the Plaintiff's Complaint, with prejudice, with attorney's fees and court costs awarded to Defendants, together with such other legal and equitable relief as the Court may deem just and proper.

Respectfully submitted,

**IRWIN FRITCHIE URQUHART & MOORE LLC**

BY:     */s/ Gretchen A. Fritchie*
RICHARD E. McCORMACK, T.A. (#14194)
GRETCHEN A. FRITCHIE (#35782)
400 Poydras Street, Suite 2700
New Orleans, Louisiana 70130
Telephone:  (504) 310-2100
Fax:          (504) 310-2101
Email:       rmccormack@irwinllc.com
                 gretchenf@irwinllc.com

*Counsel for Defendant, Loyola University New Orleans*

---

[3] *See* Exh. "A" – *Ex Parte* Motion to Dismiss on Grounds of Abandonment.

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of June 2016, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent via U.S. Mail to non-CM/ECF participants at the following address:

John Aaron Kluksdahl
702 Townside Road #1
Roanoke, VA 24014

*/s/ Gretchen A. Fritchie*