UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JOHN AARON KLUKSDAHL**                           **CIVIL ACTION**

**VERSUS**                                         **NO. 16-2990**

**LOYOLA UNIVERSITY NEW ORLEANS**                  **SECTION "B"(3)**

<u>**ORDER AND REASONS**</u>

Before the Court is Loyola University New Orleans's ("Loyola") motion seeking a stay of the above-captioned proceedings pending resolution of Plaintiff's "identical claims in state court." Rec. Doc. 10 at 1. Defendant's primary argument in support of a stay is that, if forced to proceed in this federal matter, it will incur unnecessary expenses to engage in "overlapping and unnecessary proceedings." *Id*. at 5. In opposition, *pro se* plaintiff John Aaron Kluksdahl ("Plaintiff" or "Kluksdahl") accuses Loyola of misrepresenting that the entirety of his claims were also pled in state court. Rec. Doc. 11 at 1. Further, he contends that he would suffer great prejudice if this Court grants a stay because the state court revoked his i*n forma pauperis* status, which purportedly precludes him from filing further pleadings.

This Court notes that, based on the parties' filings, it appears that *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813 (1976), will likely govern the decision of whether to issue a stay in this matter. *See Transocean Offshore*

1

*USA, Inc. v. Catrette*, 239 Fed. App'x 9, 2007 WL 129017, at *5 (5th Cir. 2007) (concluding that district court abused its discretion in not applying *Colorado River* to its analysis of a motion to stay pending a parallel state court suit); *Swift Transp. Co., Inc. v. Veolia Water N. Am. Operating Servs., L.L.C.*, No. 07-9007, 2008 WL 5381397, at *1 (E.D. La. Dec. 19, 2008) ("A district court's decision to stay a matter when a federal and state law suit are parallel, have the same parties and the same issues is governed by *Colorado River*."). However, the parties' filings fail to address the applicability of *Colorado River* in this instance— in particular, they fail to specifically identify the similarities (or lack thereof) between the issues in the two suits. *See* Am. *Guar. & Liab. Ins. Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 251 (5th Cir. 2005) ("*Colorado River* discretion to stay is available only where the state and federal proceedings are parallel—i.e., where the two suits involve the same parties and the same issues.")

The first problem in determining whether to abstain under *Colorado River* is Plaintiff's Complaint. Kluksdahl's Complaint consists of 130 pages[1] of rambling, scattered arguments and factual allegations, which unquestionably fail to include "a short and plain statement of the claim showing that the pleader is entitled

---

[1] Including exhibits, the Complaint totals 451 pages. Rec. Doc. 1.

2

to relief." FED. R. CIV. P. 8(a)(2). *See also Gordon v. Green*, 602 F.2d 743, 745-46 (5th Cir. 1979) (concluding that trial courts have "great leeway in determining whether a party has complied with Rule 8" and finding that pleadings consisting of "verbose" and "chaotic legal jargon" may violate Rule 8). Second, and perhaps as a result of Plaintiff's convoluted Complaint, Defendant fails to specifically address *Colorado River* or the issues that are common to both the state and federal suits. Accordingly,

**IT IS ORDERED** that the motion is **DENIED WITHOUT PREJUDICE** to reurge pending the parties' compliance with the following directives.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint within **thirty (30) days** of the date of this Order that complies with Federal Rule of Civil Procedure 8 in all respects. Furthermore, Plaintiff's Amended Complaint shall comply fully with the formatting requirements of Local Rule 10.1 and **shall not exceed twenty (20) pages**. *See Barnes v. Tumlinson*, 597 Fed. App'x 798, 799 (5th Cir. 2015) (finding that it was within the district court's discretion to limit plaintiff's voluminous pleadings to 30 pages); *Cesarani v. Graham*, 25 F.3d 1044, 1994 WL 261232, at *1-2 (5th Cir. 1994) (affirming district court's dismissal of plaintiff's complaint when he failed to comply with order requiring that he file an amended complaint of no more than 20 pages).

**IT IS FURTHER ORDERED** that, following Plaintiff's compliance with the above directive, Defendant may reurge its motion for a stay so long as such motion adequately addresses the applicability of the *Colorado River* abstention doctrine and any other relevant authority.

**ANY PARTY'S FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN SANCTIONS, INCLUDING DISMISSAL OF ALL CLAIMS AND/OR DEFENSES WITHOUT FURTHER NOTICE.**

New Orleans, Louisiana, this 12th day of August, 2016.

_____
SENIOR UNITED STATES DISTRICT JUDGE