```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**JOHN AARON KLUKSDAHL**                                      **CIVIL ACTION**

**VERSUS**                                                    **NO. 16-2990**

**LOYOLA UNIVERSITY NEW ORLEANS**                             **SECTION "B"(3)**

## ORDER AND REASONS

Before the Court is Plaintiff's improperly-styled "Motion for a New Trial." Rec. Doc. 17. Defendant timely filed a response (Rec. Doc. 19), as well as a "Motion to Recover Attorney's Fees and Costs" (Rec. Doc. 20). Plaintiff eventually filed an untimely memorandum in opposition to the motion for fees. Rec. Doc. 22. For the reasons discussed below,

**IT IS ORDERED** that Plaintiff's "Motion for a New Trial" (Rec. Doc. 17) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's "Motion to Recover Attorney's Fees and Costs" (Rec. Doc. 20) is **GRANTED IN PART**.

**I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On April 8, 2016, John Aaron Kluksdahl ("Plaintiff") filed a 130-page complaint, with 321 pages attached as exhibits. Rec. Docs. 1, 1-1, 1-2. After requesting an extension pursuant to Local Rule 7.8, Loyola University New Orleans ("Defendant") timely answered the complaint on June 28, 2016. *See* Rec. Docs. 5-7, 9.

On July 6, 2016, Defendant filed a motion to stay and, on July 22, 2016, Plaintiff timely filed a memorandum in opposition.

Rec. Docs. 10-11. Defendant sought a motion to stay pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813 (1976), pending resolution of Plaintiff's "identical claims in state court," and claiming that, if forced to proceed in this federal matter, it would incur unnecessary expenses to engage in "overlapping and unnecessary proceedings." Rec. Doc. 10 at 1, 5. Plaintiff accused Defendant of misrepresenting that the entirety of his claims were also pled in state court and argued that he would be prejudiced if the matter was stayed, because the state court revoked his *in forma pauperis* status, purportedly precluding him from filing further state court pleadings. Rec. Doc. 11 at 1-2.

On August 12, 2016, we recognized that "[t]he first problem in determining whether to abstain under *Colorado River* is Plaintiff's Complaint. Kluksdahl's Complaint consists of 130 pages of rambling, scattered arguments and factual allegations, which unquestionably fail to include 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Rec. Doc. 12 at 2-3 (citing Fed. R. Civ. P. 8(a)(2); *Gordon v. Green*, 602 F.2d 743, 745-46 (5th Cir. 1979)). Accordingly, we denied, without prejudice, Defendant's motion to stay and ordered Plaintiff to file an amended complaint that complied with Federal Rule of Civil Procedure 8 within thirty (30) days. *Id.* at 3. We also instructed Plaintiff that his amended complaint should fully comply with the

formatting requirements of Local Rule 10.1 and "**shall not exceed twenty (20) pages**." *Id.* (emphasis in original) (citing *Barnes v. Tumlinson*, 597 F. App'x 798, 799 (5th Cir.), *cert. denied,* 136 S. Ct. 485 (2015); *Cesarani v. Graham*, 25 F.3d 1044, 1994 WL 261232, at *1-2 (5th Cir. 1994) (unpublished)). Finally, we explicitly stated that "**ANY PARTY'S FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN SANCTIONS, INCLUDING DISMISSAL OF ALL CLAIMS AND/OR DEFENSES WITHOUT FURTHER NOTICE**." *Id.* at 4.

Thus, in accordance with our August 12, 2016 Order, Plaintiff should have filed an amended complaint by September 12, 2016. However, as of October 18, 2016, nothing had been filed. Consequently, we dismissed Plaintiff's claims and closed the case. Rec. Docs. 13-14. In the Order dismissing his claims, we instructed Plaintiff that any motion for reconsideration must be filed within thirty (30) days. Rec. Doc. 13 at 1-2. On November 17, 2016, Plaintiff attempted to file a "Motion for New Trial," but the document was marked deficient. Rec. Doc. 15. Plaintiff was given until December 9, 2016 to remedy the deficiency. Rec. Doc. 16. On December 2, 2016, Plaintiff filed the instant "Motion for New Trial." Rec. Doc. 17.

## II. PLAINTIFF'S "MOTION FOR NEW TRIAL"

### A. THE PARTIES' CONTENTIONS

In his motion, Plaintiff claims that he "was not afforded an opportunity to submit a pleading in opposition [to this Court's

3

August 12, 2016 Order] arguing that Plaintiff's claims satisfied the requirements of Rule 8(a)2." Rec. Doc. 17 at 1. Plaintiff argues that the twenty-page limit was "absurd and severely prejudicial," because the dispute between the parties has lasted several years and Plaintiff's complaint contains nine independent claims upon which relief could be granted. *Id.* at 2. Further, when Defendant filed motions for no cause of action and to strike in state court, the court ruled in favor of Plaintiff. *Id.* at 3. According to Plaintiff, "[e]quity and the law require the defendant, not the court, to initiate/file a no cause of action motion under Rule 8(a)2 either with the answer or after pleadings have been closed in a motion on the pleadings or a motion for summary judgment." *Id.* at 4.

Plaintiff also appears to address the merits of Defendant's earlier motion to stay, arguing that several of the claims in his federal complaint were not included in his state court petition. *Id.* at 3.

Throughout his motion and accompanying memorandum, Plaintiff suggests that this Court is biased in favor of Defendant. For example, he states that "[e]quity does not permit the court to advocate on behalf of defendant, Loyola," that this Court's Order "advise[d] the Defendant instructing Defendant to file a Motion utilizing a specific legal argument based upon case law," that "Defendant attorneys are fully capable of litigating against

4

Plaintiff if the court maintained an impartial position between litigants while rendering Orders and Reasons," and that "the Order and Reasons read as if a teacher or tutor were grading or critiquing their student's work to the student's parents to whom the teacher or tutor was greatly indebted or indentured." *Id.* at 1-2, 4.

Defendant opposes Plaintiff's motion because (1) Plaintiff has yet to file an amended complaint in accordance with this Court's earlier Order and (2) Plaintiff's motion does not comply with the requirements of Federal Rule of Civil Procedure 59. Rec. Doc. 19 at 1.

**B. LAW AND ANALYSIS**

Plaintiff's improperly-styled "Motion for a New Trial" will be treated as a motion for reconsideration. "The Federal Rules of Civil Procedure do not specifically recognize a motion for reconsideration." *Jenkins v. Bristol-Myers Squibb*, No. 14-2499, 2016 WL 5874984, at *5 (E.D. La. Oct. 7, 2016) (citing *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997)). Nonetheless, "[a] motion asking that the court reconsider a prior ruling is evaluated either as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) or as a motion for relief from a final judgment, order or proceeding under Federal Rule of Civil Procedure 60(b)." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, No. 07-1873, 2011 WL 6130788, at

*3 (E.D. La. Dec. 7, 2011) (internal quotation marks omitted). The determination of which rule applies turns on the timing of the motion. *Texas A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003). "If the motion was filed within twenty-eight days after the entry of the judgment or order at issue, the motion can be brought under Rule 59(e). If it is filed after that time, it falls under Rule 60(b)." *In re FEMA*, 2011 WL 6130788 at *3 (internal citations omitted).

Here, Plaintiff's motion was not filed within twenty-eight days of our October 18, 2016 Order and Reasons. *See* Rec. Docs. 15, 17.[1] Accordingly, it will be treated as a motion for reconsideration under Federal Rule of Civil Procedure 60(b). This rule provides that

> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that

---

[1] However, the motion was filed on the thirtieth day after our October 18, 2016 Order and Reasons was issued, it was simply marked deficient. Because Plaintiff subsequently filed a motion that complied with Local Rules within the deadline given for the deficiency remedy, we will treat the motion as though it was filed within the thirty-day deadline given in our October 18, 2016 Order and Reasons.

6

>     has been reversed or vacated; or applying it
>     prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). Notably, "Rule 60(b)(6) has been described as a 'residual clause used to cover unforeseen contingencies,' and as 'a means for accomplishing justice in exceptional circumstances.'" *Sussman v. Fin. Guards, LLC*, No. 15-2373, 2017 WL 193604, at *2 (E.D. La. Jan. 18, 2017) (quoting *Shoemaker v. Estis Well Serv., L.L.C.*, 122 F. Supp. 3d 493, 511-12 (E.D. La. 2015) (quoting *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 604-05 (5th Cir. 1986)))).

Here, Plaintiff does not expressly state a ground for relief under Rule 60(b). He does not assert some mistake, new evidence, fraud, that the judgment is void, or some exceptional circumstance warranting reconsideration. Nonetheless, he repeatedly suggests that this Court's Order was inequitable. However, it is widely recognized that a party's failure to heed Rule 8's demand for "a short and plain statement" may lead to dismissal. *See, e.g. Gordon*, 602 F.2d 743 (vacating the district court's judgment and remanding for dismissal of the 4,000-page complaint without prejudice to "promptly" file a complaint in compliance with Rule 8); *Barnes*, 597 F. App'x 798 (affirming the district court's dismissal of the plaintiff's claims with prejudice after plaintiff failed to follow the court's order to file an amended complaint no longer than

7

thirty pages); *Cesarani*, 25 F.3d 1044, 1994 WL 261232 (affirming the dismissal of the plaintiff's claims and sanctions against the plaintiff after the plaintiff filed a 104-page complaint and failed to follow the court's order to file an amended complaint no longer than twenty pages).

Generally, "[a] district court may dismiss an action, sua sponte, under Rule 41(b) for failure to prosecute or to comply with an order of the court." *Cesarani*, 1994 WL 261232 at *1 (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)). The dismissal will be affirmed "only where there is 'a clear record of delay or contumacious conduct by the plaintiff,' and 'lesser sanctions would not serve the best interests of justice.'" *Id.* (quoting *Williams v. Brown & Root, Inc.*, 828 F.2d 325, 328-29 (5th Cir. 1987)); *see also Dorsey v. Scott Wetzel Servs., Inc.*, 84 F.3d 170, 171-72 (5th Cir. 1996) (citing *Salinas v. Sun Oil Co.*, 819 F.2d 105, 106 (5th Cir. 1987)).

Here, we ordered Plaintiff to file an amended complaint that complied with Rule 8 and did not exceed twenty pages. Rec. Doc. 12 at 3. Even though the amended complaint was due within thirty days, we waited two months. Nothing was filed. Plaintiff did not file an amended complaint, a motion to reconsider our Order and Reasons, or a motion for extension of time; in sixty days, he filed nothing. Accordingly, we dismissed the case without prejudice pursuant to Rule 41(b). Rec. Doc. 13. Even now, when Plaintiff asks us to

8

reconsider our dismissal (which also explicitly provided that any motion for reconsideration should be accompanied by an amended complaint), he refuses to file an amended complaint and instead merely argues that the twenty-page limit is "absurd and severely prejudicial." Rec. Doc. 17 at 2. Fifth Circuit precedent demonstrates that our request for an amended complaint was reasonable and that Plaintiff's ongoing refusal to obey this Court's Order warranted dismissal. Accordingly, we decline to reconsider our October 18, 2016 Order dismissing Plaintiff's claims.

### III. DEFENDANT'S MOTION FOR ATTORNEY'S FEES

In conjunction with its opposition memorandum, Defendant filed a "Motion to Recover [the] Attorney's Fees and Costs" associated with defending Plaintiff's "untimely and frivolous" "Motion for a New Trial." *See* Rec. Doc. 20 at 1-2. Even though the motion was set for submission on February 1, 2017 and, pursuant to Local Rule 7.5, any opposition memorandum was due on January 24, 2017, Plaintiff did not file a response until January 27, 2017. Rec. Doc. 22. His arguments are addressed below.

First, we must determine if Defendant is entitled to attorney's fees. Second, if we find that it is so entitled, we must determine the appropriate amount to be awarded.

In our dismissal, we stated that a motion for reconsideration could be filed within thirty days, but that, "[b]ecause such a

9

motion would not have been necessary had a timely pleading been filed, the costs incurred in connection with the motion, including attorney's fees, may be assessed against the party moving for reconsideration." Rec. Doc. 13 at 2 (citing FED. R. CIV. P. 16, 83). Rule 16(f)(1)(C) provides that "[o]n motion or on its own, the court may issue any just orders . . . if a party or its attorney: . . . fails to obey a scheduling or other pretrial order." It also states that "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the *reasonable expenses—including attorney's fees*—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 16(f)(2) (emphasis added).

Here, Defendants argue that Plaintiff's motion for reconsideration was both "untimely and frivolous." Rec. doc. 20 at 1-2. While we agree that Plaintiff's motion is meritless, it was not technically untimely. Our October 18, 2016 dismissal Order gave Plaintiff thirty days within which to file a motion for reconsideration. Rec. Doc. 13. Plaintiff attempted to file his motion on November 17, 2016 (the thirtieth day after the Order was issued), but the motion was marked deficient. Rec. Doc. 15. Because Plaintiff is proceeding pro se, the deficiency remedy was due by December 9, 2016. *Id.* Ultimately, the motion was filed within this extended deadline, on December 2, 2016. Rec. Doc. 17.

10

Nonetheless, Plaintiff's motion did not persuade us to reconsider our earlier dismissal and, by failing to contemporaneously file an amended complaint, Plaintiff again failed to comply with our earlier orders. Plus, we warned Plaintiff that the filing of a motion for reconsideration could result in an assessment of fees against him. Rec. Doc. 13 at 2.

In his memorandum in opposition to Defendant's motion for fees, Plaintiff argues, perhaps in an attempt to show that his noncompliance was substantially justified, that (1) Defendant's motion was not properly served, (2) he gave valid reasons for not filing an amended complaint in his "Motion for New Trial"; and (3) his motion should not have been marked deficient.[2] Rec. Doc. 22 at 2-6. When Plaintiff was served with a copy of Defendant's motion is irrelevant; we are now considering his memorandum in opposition, so he has not been prejudiced, *even if* Defendant did not timely serve Plaintiff. We have already discussed and dismissed Plaintiff's failure to file an amended complaint and, again, we do not find his excuses persuasive in light of existing rules and precedent. Finally, the fact that Plaintiff's motion was originally marked deficient played no role in our analysis. Even though Defendant argued that Plaintiff's motion was untimely, we took into account the deficiency designation and the fact that

---

[2] Plaintiff also argues that our October 18, 2016 Order and Reasons and accompanying Judgment were "not final but interlocutory." Rec. Doc. 22 at 1. This argument is both without merit and irrelevant.

Plaintiff ultimately timely filed his motion within the deficiency remedy deadline. Thus, in light of the frivolousness of the arguments made in Plaintiff's motion and his repeated failures to file an amended complaint, we find that Defendant is entitled to reasonable attorney's fees under Rule 16(f).[3]

To calculate an award of attorney's fees, the Fifth Circuit uses the "lodestar method." *Forbush v. J.C. Penney Co.*, 98 F.3d 817, 822 (5th Cir. 1996).

> Initially, the district court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rate for the participating lawyer. The lodestar is then computed by multiplying the number of hours reasonably expended by the reasonable hourly rate. *Id.* The district court may then adjust the lodestar upward or downward . . . .

*Id.* (citing *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995)). Further, the hourly rate charged may be adjusted "in accordance with the market rates of the forum community" and "the Court should eliminate all time that is 'excessive, duplicative, or inadequately documented.'" *Unum Life Ins. Co. of Am. v. Tautenhahn*, No. 09-63, 2010 WL 3703793, at *2 (W.D. La. Sept. 13, 2010) (citing *Watkins v. Fordice*, 7 F.3d 453, 457-59 (5th Cir. 1993)).

---

[3] We also recognize that Plaintiff was granted leave to proceed *in forma pauperis*. Rec. Doc. 3. However, we are unaware of any rule or case law that would protect Plaintiff from the assessment of fees solely because of his *pauper* status. To the contrary, courts explicitly recognize that "*in forma pauperis* status does not preclude the imposition of monetary sanctions under [Federal Rule of Civil Procedure] 37." *Ballew v. Randstad Inhouse Servs., L.P.*, No. 11-13, 2012 WL 2445080, at *8 (M.D. Ala. June 27, 2012) (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Defendant attached a time and expense sheet to its motion. It shows that, after we dismissed the case on October 18, 2016, Partner Kelly Juneau Rookard worked 0.50 hours at the rate of $200.00/hour and associate Gretchen F. Richards worked 0.10 hours at the rate of $150.00/hour, for a total of $115.00. Rec. Doc. 20-2 at 2. On or after Plaintiff filed his motion on November 17, 2016, Rookard worked 1.3 hours at the rate of $200.00/hour and Richards worked 0.80 hours at the rate of $150.00/hour, for a total billing amount of $380.00. *Id.* at 1-2. Finally, on October 31, 2016, after our dismissal order was issued but before Plaintiff filed his motion, Defendant made 582 copies at the rate of $0.10/copy, for a total of $58.20; similarly, on November 30, 2016, after Plaintiff filed his deficient motion but before he filed his remedied motion, Defendant made 588 copies at the rate of $0.10/copy, for a total of $58.80. *Id.* at 3. Consequently, Defendant asks this Court for an award of $612.00 (the sum of $115.00, $380.00, $58.20, and $58.80). Rec. Doc. 20-1 at 4.

Defendant does not explain the bill for the copies it made on October 31, 2016 and November 30, 2016. Notably, as of October 18, 2016, *the entire record* consisted of only 720 pages. Essentially, we cannot be sure what Defendant was copying and, without some explanation, a fair assessment of the need for these copies cannot occur. Accordingly, Defendant will not be awarded the costs associated with these copies (a total of $117.00).

13

Further, because both a partner and an associate worked on behalf of Defendant, some of the costs are duplicative. For example, both attorneys charged their client for the receipt and review of Plaintiff's motion. *See* Rec. Doc. 20-2 at 1-2. We will deduct the 0.20 hours that Rookard spent reviewing the notice of submission (*id.* at 1, a total of $40.00) and the 0.30 hours that Richards spent reviewing the motion (*id.* at 2, a total of $45.00).

IV. **CONCLUSION**

For the reasons outlined above,

**IT IS ORDERED** that Plaintiff's "Motion for a New Trial" (Rec. Doc. 17) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's "Motion to Recover Attorney's Fees and Costs" (Rec. Doc. 20) is **GRANTED IN PART.** Plaintiff is hereby ordered to pay Defendant's reasonable attorneys' fees in the amount of $410.00.

New Orleans, Louisiana, this 3rd day of February, 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE